# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROOSEVELT DEXTER ARMSTEAD,**                               **PETITIONER**

**v.**                                                 **No. 4:04CV398-P-B**

**DONALD CABANA, ET AL.**                                   **RESPONDENTS**

## REPORT AND RECOMMENDATION

Petitioner was convicted of robbery in the Circuit Court of Washington County, Mississippi. By order filed February 8, 2002, he was sentenced as an habitual offender to life without parole in the custody of the Mississippi Department of Corrections. He is now an inmate in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary at Parchman. This *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 has been answered by the state, the petitioner has replied thereto, and the matter is ripe for resolution. For the purposes of the Prison Litigation Reform Act, the court notes that the petitioner was incarcerated when he filed this lawsuit.[1]

The petitioner appealed his conviction to the Mississippi Supreme Court, asserting the following issues:

    1)      Insufficiency of the Evidence.
    2)      State failed to prove the essential elements of robbery.
    3)      Trial court committed reversible error in denying Armstead's right to participate in jury selection.
    4)      Trial court committed reversible error by commenting in front of jury and by allowing the prosecutor to comment about Armstead's decision not to testify.
    5)      Defense counsel was ineffective for not putting up a defense during closing.
    6)      Trial court committed reversible error in overruling Armstead's objection to State's discovery violation.

---

[1] 28 U.S.C. § 1915(g).

On February 3, 2004, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. *Armstead v. State,* 869 So.2d 1052 (Miss. App. 2004).

On July 2, 2004, the petitioner filed a *pro se* Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court, asserting claims of a discovery violation; evidence tampering; ineffective assistance of counsel; denial of petitioner's right to participate in jury selection; and that the trial transcript was incomplete. By order filed August 23, 2004, a panel of the Mississippi Supreme Court denied the application, finding that Armstead had previously raised the issues of ineffective assistance of counsel and denial of right to participate in jury selection on direct appeal and that they were found to be without merit. The panel further found the remaining issues to be procedurally barred by 99-39-21(1), as they could have been raised on direct appeal.

Armstead filed a second application on November 18, 2004, raising issues of ineffective assistance of counsel and that he was improperly indicted as an habitual offender. By order filed December 14, 2004, a panel of the Mississippi Supreme Court dismissed the application as successive, finding that the issues were procedurally barred.

In the instant Petition for Writ of Habeas Corpus, Armstead raises the following issues:

Ground One - He was improperly indicted as an habitual offender.

Ground Two - Evidence tampering.

Ground Three - Discovery violation.

Ground Four - Denial of right to assist in jury selection.

Ground Five - Ineffective assistance of counsel for:
    a) Trial counsel's failure to raise the issues asserted herein in Grounds 1-4;
    b) Appellate counsel's failure to raise ineffective assistance of trial counsel;
    c) Appellate counsel's failure to file a motion for rehearing.

The claims in Grounds 1, 2, 3 and 5 were raised in petitioner's motion for post-conviction relief to

the Mississippi Supreme Court and found to be procedurally barred and are, therefore, precluded from review by this Court. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(Citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640, 59 USLW 4789 (1991); *Amos v. Scott,* 61 F.3d 333, 338-39 (5th Cir. 1995)). As noted previously, the Mississippi Supreme Court found the issues which Armstead now raises in Grounds 1, 2, 3 and 5 to be procedurally barred pursuant to Miss. Code Ann. §99-39-21(1).[2] The Fifth Circuit Court of Appeals has held that §99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Armstead's issues in state court depends on "whether Mississippi has strictly or regularly applied it." *Id.* (Citing *Lott v. Hargett*, 80 F.3d 161 (5th Cir. 1996)). However, the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* Armstead has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate procedural rule unless the petitioner can demonstrate cause and actual prejudice, which has

---

[2]Miss. Code Ann.§99-39-21 states: (1)Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

not shown. *See Coleman*, 501 U.S. at 750. In explaining the cause necessary for excusing a default, the Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). Examples of objective factors which have been found to constitute cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). In addressing cause for a procedural default that may be based in attorney error, the United States Supreme Court has stated as follows:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

The petitioner has not and cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of these claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims and any claim of ineffective assistance of counsel resulting from the failure to raise any issue in his first post-conviction petition.[3]   *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).

The "fundamental miscarriage of justice" exception is even more circumscribed than the

---

[3] Attorney error has in certain circumstances been held to constitute cause to overstep procedural default. However, in the instant case, attorney error cannot be claimed because (1) Armstead was not entitled to post-conviction counsel, and (2) Armstead filed his petition for post-conviction relief pro se, therefore, the failure to assert any of these claims in a procedurally viable manner in state court is entirely the fault of the petitioner. *See Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004)("A state prisoner has no constitutional right to an attorney in state post-conviction proceedings and thus cannot claim ineffective assistance of counsel in such proceedings") *See also Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S.Ct. 1587, 1591-92 (2000), and *Murray v. Carrier*, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986). As such, petitioner cannot overstep the procedural default.

cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (Citations omitted). Armstead fails to establish that a miscarriage of justice will result if his claims are not considered on the merits. Accordingly, this Court is precluded from considering Grounds 1, 2, 3, and 5 presented in this petition due to Armstead's default in the courts of Mississippi.

The claim raised in Ground 4 was raised on direct appeal and in petitioner's motion for post-conviction relief to the Mississippi Supreme Court and denied on the merits. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and because the issue in Ground 4 was decided on the merits, habeas relief cannot be granted on this issue. *See* 28 U.S.C. §2254(d) and §2254(e)(1).

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Subsection (d)(1) applies to mixed questions of law and fact. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 1999). Subsection (d)(2) applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Petitioner's claim involves mixed questions of law and fact.

Therefore, subsection (d)(1) of § 2254 governs the claim and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than de novo review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000), the United States Supreme Court concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 120 S.Ct. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*.

In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*.

In other words, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was **objectively**

unreasonable." *Id.* at 1521 (emphasis added). The *Williams* Court pointed out that an **unreasonable** application of federal law is different from an **incorrect** application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522.

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000). Furthermore, findings of fact made by the state court are presumed correct, and the petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

In Ground 4, Armstead asserts that he was denied the right to assist in jury selection. As previously noted, Armstead raised this issue on direct appeal and the Mississippi Court of Appeals found it to be without merit.[4]

> Our review of the trial transcript leads us to conclude that Mr. Armstead was present in the courtroom and silent during the voir dire of the jury. However, when he and the attorneys adjourned to the judge's chambers, he spoke up a few times regarding the peremptory challenges by the prosecution claiming they were only dismissing black potential jurors. His attorney consulted with him and attempted to explain the *Batson* process to him. However, after Armstead repeatedly interrupted the judge, all attempts to educate him on the matter ceased while his attorney led him out of chambers for a moment.
> In *Hughes v. State*, 807 So.2d 426, 430-31(¶8)(Miss.2001), the Mississippi Supreme Court found that a defendant has the right to be present during the voir dire of the jurors in open court and that right cannot be waived by his attorney. However, the defendant's right to participate in the actual jury selection in the judicial

---

[4]Armstead failed to file a petition for writ of certiorari and typically this issue would be improper under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). However, Armstead did raise the issue again in his application for leave.

chambers can be waived by his attorney. *Id.*

Armstead was present during the complete voir dire process. He was in the courtroom for the questioning of potential jurors and was present in the judge's chambers during the challenges. It appears Mr. Armstead believes that since he was censured a few times and led into the hall to settle down, he was not given full participation in the jury selection. It is the opinion of this Court that he had the full opportunity to discover any potential juror problems and those reservations could have been communicated to his attorney. Mr. Armstead's appeal for reversal on this issue is denied.

*Armstead,* 869 So.2d at 1056.

A criminal defendant is guaranteed the right to be present at any stage of a criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. *See Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed. 2d 631 (1987). A defendant has a right to be present during jury selection unless the right is waived or forfeited. *See United States v. Alikpo*, 944 F.2d 206 (5th Cir. 1991). The record supports the appellate court's finding that Armstead was not denied the right to be present during jury selection. After defense counsel made a *Batson*[5] challenge and the trial court ordered the State to make a race and gender neutral rationale for each challenge, the following exchange occurred outside the presence of the jury:

> THE DEFENDANT: Judge Hines, could I say something a minute?
> THE COURT: Yes.
> THE DEFENDANT: I want to know why I can't have half and half of my – I had to have 10 whites and 2 blacks on there.
> THE COURT: It's just the random nature –
> THE DEFENDANT: It ain't just random nothing. Y'all – he picking and chose all the blacks on what he picked. He picked the black. He didn't pick no white. It just no random nothing.
> [DEFENSE COUNSEL]: Can I mentioned [sic] something to him, Judge? (To the defendant) We're not through yet. Okay? We still have our 6 challenges to use. Okay? So just hold on. Is that all right?
> THE COURT: The selection of the jurors is random. He is free, subject to the *Batson* –
> THE DEFENDANT: You saying because –

---

[5]*Batson v. Kentucky*, 476 U.S. 79 (1986).

-8-

> THE COURT: I'm not going to answer you any more because you're interrupting.
> THE DEFENDANT: You didn't answer my question.
> THE COURT: I'm not going – I'm not going to answer your question any more because you interrupted me while I was telling you. We will proceed now.
> . . .
> THE COURT: Well, that's race and gender neutral, so I find that all of the challenges of the State are race and gender neutral.
> THE DEFENDANT: Sho' did find.
> THE COURT: You may proceed.
> [DEFENSE COUNSEL]: Your Honor, can I step in the hall with Mr. Armstead for just a minute.

(R. 2 at 44-46).

Petitioner's claim in Ground 4 is not clearly not supported by the record and is therefore without merit.

Petitioner has presented nothing in the petition *sub judice* to establish that the state court's adverse determination of petitioner's issues resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002).

In sum, the undersigned recommends that all the claims set forth in the instant petition for a writ of *habeas corpus* be dismissed with prejudice.

### Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 10 days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The petitioner is directed to acknowledge receipt of this Report and Recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. Because of the misuse of the court's postage paid envelopes, these envelopes are no longer provided. The petitioner is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 6th day of April, 2006.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE